# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TENNESSEE
# AT KNOXVILLE

| | |
|---|---|
| EMILY GEORGE, et al., | ) |
| Plaintiffs, | ) ) ) |
| v. | ) Case No.: 3:18-cv-00512-DCLC-DCP |
| WESTGATE RESORTS, LTD., L.P., et al., | ) ) ) |
| Defendants. | ) |

### DEFENDANTS' SUR-REPLY IN OPPOSITION TO MOTION TO WITHDRAW [DE 54]

Defendants, Westgate Resorts, Ltd., et al. (collectively "Defendants" or "Westgate"), pursuant to E.D. Tenn. L.R. 7.1(d) and 83.4, file this Sur-Reply in Support of their Opposition to Plaintiffs' Counsel Motion to Withdraw [DE 54] (the "Motion").

### PRELIMINARY STATEMENT

It is now undisputable that Washington lawyer John Abrams has deliberately concealed his role in this litigation by duping inexperienced practitioners into prosecuting this meritless "mass joinder" lawsuit. While Stewart's medical condition does not relieve her from the obligation she owes to the Court and the Plaintiffs, Defendants are sympathetic to the circumstances that have caused her to move withdraw. Stewarts' affidavits recount Abrams' improper behavior. If accurately portrayed, Abrams' actions evince his total unwillingness to comply with the Federal Rules of Civil Procedure and the Eastern District of Tennessee Local Rules and complete lack of interest in prosecuting this action. Defendants respectfully submit that the Court should require that John Abrams and The Abrams Firm appear and address the allegations in Stewarts' affidavit. To safeguard Plaintiffs' interest and avoid further delay, the

Court should also require that Counsel provide each Plaintiff notice of the hearing and a means to participate.

## LAW AND ARGUMENT

There is sufficient evidence to conclude that Washington lawyer John Abrams is practicing law in this District without having sought and obtained permission to appear *pro hac vice*. Indeed, Stewart readily admits that she agreed to appear in this case because she relied on the support of The Abrams Firm and Abrams himself represented to her that the "bulk of the preliminary casework had already been done." DE 60-1, ¶ 4. Even though he has not entered an appearance, Abrams controls the communications with the Plaintiffs, decides who will appear, and collects the legal fees. DE 61-1, ¶ 6.

These facts prove Abrams' active representation of the Plaintiffs in the cases pending before this Court. E.D. Tenn. L.R. 83.5(a)(1)("It shall be required to practice generally in this Court that an applicant be currently admitted to practice in the highest court of a state, territory, or the District of Columbia, and that the applicant appear to the Court to be of good moral and professional character . . . ."); E.D. Tenn. L.R. 83.5(b)(1)(permitting attorneys admitted to another district court to "practice specially in this district *pro hac vice* in a particular case" "upon motion"); T.C.A. § 23-3-101 (3) ("practice of law means the appearance as an advocate in a representative capacity or the drawing of papers, pleadings or documents or the performance of any act in such capacity in connection with proceedings pending or prospective before any court"); T.C.A. § 23-3-103 (a) ("No person shall engage in the practice of law or do law business, or both, as defined in § 23-3-101, unless the person has been duly licensed").

While Stewart contends that John Abrams has identified successor counsel, that lawyer should not be allowed to rubberstamp legal work. Abrams purposefully retains Tennessee

lawyers that he can influence so he can continue to exercise absolute control over this case while remaining largely beyond the Court's oversight. Through this practice, Abrams is deliberately circumventing the prohibitions on the unlicensed practice of law which "ensur[e] that the public receives high quality legal services." *In re Elrod*, No. 1:16-BK-12562-SDR, 2017 WL 5499714, at *14 (Bankr. E.D. Tenn. Nov. 14, 2017). All counsel of record are subject to the Rules of Professional Conduct and can be subject to disciplinary action for violating their obligations. E.D. Tenn. L.R. 83.7(a). The Court should require "ghost counsel" to appear and explain his involvement in this case. *See In re Moon Thai & Japanese, Inc.*, 448 B.R. 576, 577 (Bankr. S.D. Fla. 2011)(entering order to show cause precipitated by what appeared to be incompetent and wrongful conduct by the lawyers in the firm in this and in other cases filed under Chapter 11 and Chapter 13").

While Defendants do not seek to further chastise Ms. Stewart, they believe Abrams' improper participation in this case must be addressed. While he remains in the shadows, Abrams has strategically delayed the prosecution of this action, as he has done in the other "mass joinder" lawsuits his law firm is prosecuting. John Abrams' goal is to delay the litigation to continue to ensnare timeshare owners into paying the flat-fee to join in this action. It also cannot be overlooked that Westgate continues to be unfairly prejudiced by the pendency of this frivolous lawsuit. Because Abrams continues to seek to delay this Court's rulings on pending dispositive motions, motions to which Plaintiffs have failed to respond within the deadlines set forth in the applicable rules, Defendants continue to incur defense costs and also have the ongoing obligation to report pending litigation to their constituents.

3

## CONCLUSION

This Court has the power to issue an Order to Show Cause for an evidentiary hearing regarding Abrams' failure to comply with the Federal and Local Rules. *Chambers v. NASCO, Inc.,* 501 U.S. 32, 43 (1991) (internal citations and quotation marks omitted). Defendants respectfully submit that the Court should require that Abrams appear before this Court, explain the delays in this action, his failure to comply with the local rules governing multijurisdictional practice, and evasion of the Rule 11 certification requirements.

Because it is readily apparent that Plaintiffs' interests are not adequately represented, the Court should also require Counsel to facilitate their participation in the upcoming hearing by providing them notice and a means to participate, either via a telephone conference bridge or similar technology. Plaintiffs cannot effectively participate in any other way as most do not reside in Tennessee and, as Plaintiffs contend, are financially distressed. In light of the factual assertions in Stewart's declarations, Defendants have served a subpoena on John Abrams for production of documents. To provide more clarity regarding Stewart's assertions, Defendants will supplement their opposition with the documents produced by Abrams and the affidavit of service.

Respectfully submitted this 24th day of January, 2020.

GREENSPOON MARDER LLP

*/s/ Michelle E. Durieux*
Richard W. Epstein
*Admitted Pro Hac Vice*
Fla Bar No.229091
Richard.Epstein@gmlaw.com
Jeffrey A. Backman
*Admitted Pro Hac Vice*
Fla Bar No.662501
Michelle E. Durieux
*Admitted Pro Hac Vice*

Florida Bar No. 71716
Michelle.Durieux@gmlaw.com
200 East Broward Blvd., Suite 1800
Fort Lauderdale, FL 33301
Tel: (954) 491-1120
Fax: (954) 213-0140

WOOLF, McCLANE, BRIGHT,
  ALLEN & CARPENTER, PLLC

By: */s/ Robert L. Vance*
    Robert L. Vance (BPR #021733)
    Gregory C. Logue (BPR #012157)
    Post Office Box 900
    Knoxville, Tennessee 37901-0900
    (865) 215-1000
    bvance@wmbac.com
    glogue@wmbac.com

*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on January 24, 2020, a copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. This document was also served via US Mail to the following recipients:

John Abrams
The Abrams Firm
202 River Walk Dr,
Melbourne Beach, FL 32951-3113

John Abrams
The Abrams Firm
1401 Marvin Road NE, Ste 307,
Lacey, WA 98516-5710

                                                  */s/ Michelle E. Durieux*