UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

EMILY GEORGE, et al.,                )
                                     )
            Plaintiffs,              )
                                     )
v.                                   )          No. 3:18-CV-512-DCLC-DCP
                                     )
WESTGATE RESORTS, LTD., L.P.,        )
                                     )
            Defendant.               )

## MEMORANDUM AND ORDER

This case is before the undersigned pursuant to 28 U.S.C. § 636, the Rules of this Court, and Standing Order 13-02.

Now before the Court is a Motion to Withdraw [Doc. 54] and a Renewed/Amended Motion for Stay of Proceeding ("Renewed Motion") [Doc. 61]. The parties appeared before the Court for a motion hearing on February 6, 2020. Attorney Jessica Stewart appeared on behalf of Plaintiffs. Attorneys Richard Epstein and Robert Vance appeared on behalf of Defendants. Accordingly, for the reasons further explained below, the Court **GRANTS** the Motion to Withdraw [**Doc. 54**] and **GRANTS IN PART** the Renewed Motion [**Doc. 61**].

I.      **POSITIONS OF THE PARTIES**

The Court will summarize the Motions in the order in which they were filed.

        A.      **Motion to Withdraw**

In her Motion [Doc. 54], Attorney Stewart requests that she be permitted to withdraw from representing Plaintiffs in this case due to professional considerations. She states that she sent the initial notice of withdrawal to Plaintiffs electronically on July 1, 2019. In addition, on December

12, 2019, she sent a copy of the Motion and a notice of withdrawal to each Plaintiff. The Motion includes the addresses for all Plaintiffs. In addition, the Motion includes the telephone numbers for all Plaintiffs, except Plaintiffs Luiz Pedrosa and Catherine Weber. Further, she requests that the Court stay this action pending the securement of substitute counsel, which she anticipates will take thirty (30) days.

Defendants originally opposed [Doc. 57] Attorney Stewart's Motion. Defendants argue that her withdrawal is not presumptively appropriate because she did not satisfy all the requirements of Local Rule 83.4. Defendants further assert that Attorney Stewart did not show good cause for her Motion and that they will be prejudiced by having to continue to defend an action with dispositive motions pending. Defendants assert that allowing the withdrawal will also severely prejudice Plaintiffs. Finally, Defendants argue that the withdrawal will compromise the integrity of the judicial system. Defendants explain that The Abrams Firm is encouraging timeshare owners to join its multiparty actions and then delaying the resolution of the action to avoid adjudication of dispositive motions. Defendants request that the Motion be denied and that Attorney Stewart be sanctioned.[1]

Attorney Stewart filed a Reply [Doc. 60] and included an Affidavit [Doc. 60-1]. In her Affidavit, she explains that she was contacted by John Abrams ("Abrams"), with The Abrams Law Firm, who represented that he was a national litigator for consumers defrauded by the timeshare industry. [*Id.* at ¶ 2]. Attorney Stewart states that she was hesitant to agree to appear in a case with such complex claims, but Abrams assured her that the bulk of the preliminary casework had already been done and that she would have the full support of his firm's litigation department. [*Id.*

---

[1] As explained below, prior to Attorney Stewart filing the Reply, the Court held a telephone conference on January 9, 2020, with the parties and set a motion hearing for February 6, 2020.

at ¶ 4].  After she consulted the rules and determined that her duty of competency could be satisfied via preparation and the ability to utilize the resources of The Abrams Firm, she agreed to join Abrams.  [*Id.* at 7].  In June 2019, Attorney Stewart states that certain events occurred that led her to believe that Abrams was withholding information and that he attempted to limit her access to Plaintiffs.  [*Id.* at ¶ 8].  On July 1, 2019, she alerted Abrams that she intended to withdraw.  [*Id.* at ¶ 10].  Based on her contract with Abrams, Attorney Stewart believed that Abrams would secure replacement counsel or appear himself pro hac vice.  [*Id.* at ¶ 11].  Abrams represented that he was actively seeking substitute counsel.  [*Id.* at ¶ 12].  She followed up with Abrams, but he did not respond.  [*Id.* at ¶ 17].  Thereafter, she mailed a letter to Plaintiffs on December 13, 2019, along with a copy of the Motion to Withdraw.  Attorney Stewart requests that the Court allow her to withdraw.

Defendants filed a Sur-Reply [Doc. 64], asserting that Abrams has deliberately concealed his role in the litigation by duping inexperienced practitioners into prosecuting meritless mass joinder suits.  Defendants state that Abrams's improper participation must be addressed.  Defendants request that the Court order Abrams to appear to explain his delays in this action, his failure to comply with the local rules governing multijurisdictional practice, and his evasion of the certification requirements in Federal Rule of Civil Procedure 11.

Finally, Attorney Stewart filed a Certification [Doc. 66], stating that she mailed all Plaintiffs notice of the hearing set for February 6, 2020.  In addition, Attorney Stewart was able to acquire a telephone number for Plaintiffs Luiz Pedrosa and Catherine Weber.

**B.      Renewed Motion to Stay**

Plaintiffs filed a Renewed Motion, requesting that the Court stay all matters in this case until twenty-one (21) days after the February 6, 2020, hearing on the Motion to Withdraw. Plaintiffs state that in the interim period of Attorney Stewart filing the Motion to Withdraw and the February 6 hearing, Plaintiffs' responses to multiple motions become due. Plaintiffs state that the additional time would give replacement counsel the opportunity to draft the responses, and the additional time is within their best interests. Attorney Stewart also filed a Certification [Doc. 61-1], describing personal and health issues that have prevented her from responding to the pending motions.

Defendants filed a Response [Doc. 67], stating that they do not oppose the requested extensions but argue against an indefinite stay. Defendants assert that Plaintiffs have not met the requirements of showing a stay is warranted.

**II.      ANALYSIS**

The Court has considered the parties' positions, including the oral arguments at the hearing. Accordingly, for the following reasons, the Court **GRANTS** the Motion to Withdraw [**Doc. 54**] and **GRANTS IN PART** the Renewed Motion [**Doc. 61**].

By way of background, the parties appeared before the undersigned telephonically on January 9, 2020. Attorney Stewart appeared on behalf of Plaintiffs. Attorneys Gregory Logue, Richard Epstein, and Michelle Durieux appeared on behalf of Defendants. During the telephonic hearing, the Court inquired as to substitute counsel. Attorney Stewart stated that substitute counsel had not been secured. The Court set a motion hearing for February 6, 2020, and directed Attorney Stewart to send notice to all Plaintiffs of the motion hearing in accordance with Local Rule 83.4(g)(4).

4

As mentioned above, the parties appeared before the Court on February 6 for a motion hearing. During the motion hearing, Attorney Stewart stated that she provided a notice to terminate her contract with Abrams in July 2019 and that she recommended a colleague as substitute counsel. The colleague ultimately declined, and Attorney Stewart believed that Abrams was securing substitute counsel. Attorney Stewart explained that Abrams did not respond to her inquiries about substitute counsel, so she filed her Motion to Withdrawal in December 2019. She further noted that since that time, Abrams has stopped taking her telephone calls. Attorney Stewart stated that she sent Plaintiffs notice of the February 6 hearing and that four of them contacted her and consented to the withdrawal. Attorney Stewart has not heard from the other Plaintiffs.

Defendants stated that they no longer opposed Attorney Stewart's withdrawal given the circumstances. Further, Defendants stated that they do not oppose an extension of the deadlines. Defendants stated that they are looking into how Abrams became involved in this case. Defendants argued that Abrams should be ordered to appear in Court to explain his actions and whether he is in compliance with the rules in Washington and Tennessee. Finally, Defendants represented that they will not take any affirmative action on the pending motions [Docs. 52 and 55] until the Court rules on the requested extensions.

Pursuant to Local Rule 83.4(g), in order to withdraw from a case, an attorney must do the following:

> (1) File a motion with the Court requesting permission to withdraw as counsel of record;
>
> (2) Include in the motion the current mailing address and telephone number of the client;
>
> (3) Unless the motion is signed by both the attorney and the client or a consent to the withdrawal signed by the client is

attached to the motion, provide a copy of the motion to the client at least 14 days prior to the date the motion is filed;

(4) If a hearing date on the motion is set, certify in writing to the Court that the client was served at least 7 days before the hearing with notice (i) of the date, time, and place of hearing and (ii) that the client as a right to appear and be heard on the motion; and

(5) Certify to the Court that the above requirements have been met.

The Court finds that Attorney Stewart's filings comply with Local Rule 83.4(g). Further, at the hearing, she stated that she mailed a notice to all Plaintiffs with respect to the February 6 motion hearing. Specifically, the notice she sent to Plaintiffs stated as follows:

This Notice is being sent pursuant to Local Rule 83.4(g)(4) to provide notice that the Court has set a hearing on Plaintiffs' Counsel's Motion to Withdraw on February 6, 2020[,] at 1:30 p.m. at the U.S. District Court for the Eastern District of Tennessee, located at 800 Market Street, Knoxville, Tennessee, 37902, should you wish to exercise your right to appear and be heard.

[Doc. 66-1 at 1]. In response to the Notice, four Plaintiffs contacted Attorney Stewart and consented to her withdrawal.[2] Attorney Stewart stated that no other Plaintiff contacted her. Accordingly, the Court finds the Motion to Withdraw [**Doc. 54**] well taken, and it is **GRANTED**. The Court expects Attorney Stewart to provide copies of any relevant documents to any future counsel for Plaintiffs or directly to Plaintiffs upon request. Attorney Stewart is **RELIEVED** of her duties as counsel in this case.

Plaintiffs are hereby **ADMONISHED** that they are **DEEMED** to be proceeding pro se. Until they obtain substitute counsel, it is their obligation to stay up to date on the status of this case

---

[2] The four Plaintiffs who consented include Steven and Ida Curruthers and Jacob and Lacey Guillotte.

6

and comply with the deadlines set by the Court. Likewise, if they elect to proceed in this case without an attorney, they are responsible for complying with all deadlines set by the Court and responding to any requests for relief by other parties, *see* E.D. Tenn. L.R. 7.1. Plaintiffs, like any other party, will be expected to comply with the Federal Rules of Civil Procedure, the Local Rules, and the Court's Orders.

With respect to the Renewed Motion [Doc. 61], the Court finds it appropriate to give Plaintiffs some time to find counsel given the circumstances, but a stay of all proceedings is not warranted. Plaintiffs have been on notice since December 2019 that Attorney Stewart was moving to withdraw. No Plaintiff has objected to her withdrawal. Plaintiffs were also given notice that they could participate in the February 6 hearing, but no one appeared. Accordingly, Plaintiffs, whether proceeding pro se or with counsel, **SHALL** file responses to Defendants' Motion to Dismiss [Doc. 52] and Defendants' Motion to Sever and Transfer [Doc. 55] on or before **March 24, 2020.** The Court finds this extension will give Plaintiffs time to secure counsel (approximately thirty days) and time respond to the motions [Docs. 52 and 55]. Plaintiffs are strongly encouraged to retain substitute counsel.

As a final matter, Defendants have requested throughout their filings that the Court order Abrams to appear before the undersigned. While Abrams's alleged actions are questionable, the Court notes that he is not counsel of record, and the Court finds his appearance to address questions unrelated to the merits of this case unnecessary at this time.

III.    **CONCLUSION**

Accordingly, the Motion to Withdraw [**Doc. 54**] is **GRANTED** and the Renewed/Amended Motion for Stay of Proceeding [**Doc. 61**] is **GRANTED IN PART**. The Clerk of Court is **DIRECTED** to mail a copy of this Memorandum and Order to Plaintiffs at the

7

address provided in the Motion to Withdraw and to update ECF accordingly. The Clerk is further **DIRECTED** to [Doc. 66] for the updated addresses of Plaintiffs Katya Roque and Guido Diaz and Emily, Michael and Mitchell George.

      **IT IS SO ORDERED.**

ENTER:

Debra C. Poplin
United States Magistrate Judge

8