UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
KNOXVILLE DIVISION

| | | |
|---|---|---|
| EMILY GEORGE et al., | ) | |
| | ) | |
| Plaintiffs, | ) | 3:18-CV-00512-DCLC |
| | ) | |
| vs. | ) | |
| | ) | |
| WESTGATE RESORTS, LTD., L.P. et al., | ) | |
| | ) | |
| Defendants | ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiffs have filed a Motion to Remand [Doc. 14] and a corresponding Memorandum in

Support [Doc. 15], asking this Court to remand this case back to the Chancery Court for Sevier

County, Tennessee. Defendant Westgate Resorts, LTD., L.P. ("Defendant") has responded in

opposition [Doc. 32]. This matter is now ripe for resolution. For the reasons stated below,

Plaintiffs' Motion to Remand [Doc. 14] is GRANTED.

**I.     Background**

Plaintiffs initially brought this case in the Chancery Court for the Fourth Judicial District

for Sevier County, Tennessee, alleging Defendant fraudulently induced them to enter into

timeshare contracts [Doc. 1-1, 2-4]. Plaintiffs request monetary damages, rescission of the

timeshare contracts, and attorneys' fees and costs [*Id.* at pg. 83-84]. Defendant removed this case

to this Court, claiming this Court has subject matter jurisdiction under 28 U.S.C. § 1332 (diversity

of citizenship) [Doc. 1]. Defendant asserts all defendants in this matter are citizens of Florida and

all Plaintiffs (others Plaintiffs Soto, Morales and Vallecios) are citizens of states other than Florida

1

[*Id.* at ¶ 5-6]. Defendants contend Plaintiffs Soto, Morales, and the Vallecios have been fraudulently joined to this case for the purposes of defeating diversity jurisdiction [*Id.*].

Plaintiffs filed the present Motion to Remand [Doc. 14], asking this Court to remand this case back to state court for lack of subject matter jurisdiction. Defendant moved for more time to respond [Doc. 18], which was granted [Doc. 19]. However, Defendants missed their requested deadline to respond, and this Court thereafter granted the Motion to Remand [Doc. 14], largely on the merits but noting it was unopposed [Doc. 27]. Defendants then filed a Motion for Reconsideration [Doc. 28], arguing the Court did not allow it to respond before ruling on the Motion to Remand. Due to Defendant's apparent confusion regarding its response deadline, the Court granted Defendant's Motion for Reconsideration and vacated its previous order remanding the case, giving Defendant another chance to respond [Doc. 30]. Defendant has now responded [Doc. 32].

## II.    Standard of Review

The federal courts are courts of limited jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). "Just as a criminal defendant is presumed innocent until the government proves him guilty, a case is presumed to fall outside a federal court's jurisdiction until a litigant proves otherwise." *May v. Wal-Mart Stores, Inc.*, 751 F. Supp. 2d 946, 950 (E.D. Ky. 2010). Under 28 U.S.C. § 1332(a), diversity jurisdiction requires complete diversity of citizenship between every plaintiff and every defendant—meaning that diversity jurisdiction "exists only when no plaintiff and no defendant are citizens of the same state." *Jerome-Duncan, Inc. v. Auto-By-Tel, L.L.C.*, 176 F.3d 904, 907 (6th Cir. 1999) (citation omitted).

A defendant may remove an action from state court to federal court by filing a notice of removal pursuant to 28 U.S.C. § 1446(a). The defendant bears the burden of showing removal

2

was proper. *Ahearn v. Charter Twp. of Bloomfield*, 100 F.3d 451, 453-54 (6th Cir. 1996). Any doubt regarding subject matter jurisdiction should be resolved in favor of remanding the action. *Eastman v. Marine Mech. Corp.*, 438 F.3d 544, 549-50 (6th Cir. 2006). To determine whether a case was properly removed, courts generally look at the plaintiff's complaint at the time of removal. *Union Planters Nat. Bank of Memphis v. CBS, Inc.*, 557 F.2d 84, 89 (6th Cir. 1977). However, a defendant's allegation of fraudulent joinder allows the court to depart from this general rule and "in its discretion, pierce the pleadings and conduct a summary inquiry." *Walker v. Philip Morris USA, Inc.*, 443 F. App'x 946, 953 (6th Cir. 2011) (quoting *Smallwood v. Illinois Cent. R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004)). However, "a summary inquiry is appropriate only to identify the presence of discrete and undisputed facts that would preclude plaintiff's recovery against the in-state defendant." *Id.* (quoting *Smallwood*, 385 F.3d at 573-74).

### III. Analysis

In support of their Motion, Plaintiffs assert the non-diverse plaintiffs were not fraudulently added to defeat diversity [Doc. 15, pg. 3]. First, Plaintiffs argue the fraudulent joinder doctrine should not be applied in this "unorthodox context," as it is typically applied to joinder of defendants, not plaintiffs [*Id.* at pg. 2]. Next, Plaintiffs explain Diaz, Soto, and the Vallecios are all residents of Florida [*Id.* at pg. 4]. Plaintiffs further explain the Vallecios "have a history with the law firm at the base of this case" and "have worked directly with Westgate's General Counsel and another prominent attorney in her law firm that was representing Defendant Westgate on the Vallecios' case" [*Id.* at pg. 3 (citing Doc. 15-1)]. Plaintiffs assert that "Westgate was provided specific notice of many of the same claims in this action, including the claims of Carmindo Vallecio and Stephanie Vallecio, which Westgate had since February 18, 2016" [*Id.* (citing

3

Doc. 15-1)]. Plaintiffs therefore argue Defendant knows these Plaintiffs were not fraudulently added to defeat diversity [*Id.*].

Defendant responds that Plaintiffs' Motion should be denied because "the only Plaintiffs that share citizenship with [Defendant] were fraudulently joined, and complete diversity between the parties exists" [Doc. 32, pg. 3]. Defendant raises three arguments in support of its position. First, Defendant argues the non-diverse plaintiffs are "sham plaintiffs" [*Id.*]. Defendant claims these non-diverse plaintiffs have not pled facts that would establish a colorable claim against Defendant in state court [*Id.* at pg. 4 (citing *Jerome-Duncan, Inc. v. Auto-By-Tel, L.L.C.*, 176 F.3d 904, 907 (6th Cir. 1999))]. Defendant contends the consumer transactions involving the non-diverse plaintiffs did not occur in Tennessee, Defendant was not a party to those transactions, and Defendant "could not have engaged in any tortious conduct in connection with those transactions" [*Id.* (citing Doc. 28-1, pg. 6)]. Therefore, Defendant argues the non-diverse plaintiffs could not recover against Defendant in state court [*Id.*]. Defendant further argues the non-diverse plaintiffs' claims that do not require contractual privity nevertheless are based on the existence of consumer transactions with Defendant, which did not occur [*Id.* at pg. 4-5]. Defendant therefore alleges Plaintiffs have pled "false jurisdictional facts" [*Id.* at pg. 5].

Next, Defendant argues application of the fraudulent joinder doctrine is proper and just in this case [*Id.* at pg. 7]. It explains various courts have applied the doctrine to fraudulently joined plaintiffs in addition to fraudulently joined defendants [*Id.* at pg. 8 (citing *Foslip Pharm., Inc. v. Metabolife Int'l, Inc.*, 92 F. Supp. 2d 891, 903 (N.D. Iowa 2000))]. Defendant restates its allegations that Plaintiffs have pled "false jurisdictional facts" and have no colorable claim against Defendant under state law, arguing application of the fraudulent joinder doctrine in this context "complies with the spirit of the explicit fraudulent joinder doctrine as it exists in the Sixth Circuit

4

[*Id.*].  Finally, Defendant interprets Plaintiffs' Motion to suggest Plaintiffs are treating the various

Westgate entities as a single entity, which Defendant claims is improper [*Id.* at pg. 9].  Defendant

explains the non-diverse plaintiffs purchased their timeshares from a separate and distinct

Westgate entity and asserts they have no colorable claim against Defendant [*Id.* at pg. 9-10].

In originally granting Plaintiffs' Motion to Remand [Doc. 14], this Court reasoned that

while the absence of contractual privity would render Plaintiffs' breach of contract clam

uncolorable, "it does not do so for every one of their claims" [Doc. 27, pg. 4-5 (citing *Murriel-*

*Don Coal Co. v. Aspen Ins. UK Ltd.*, 790 F. Supp. 2d 590, 597, 599 (E.D. Ky. 2011))].  This Court

explained, for example, that privity of contract would not be required for Plaintiffs' negligent

misrepresentation claim [*Id.* at pg. 5].  To establish a claim of negligent misrepresentation,

Plaintiffs would have to show the following: (1) Defendant supplied information to them; (2) that

information was false; (3) Defendant did not exercise reasonable care in obtaining or

communicating that information; and (4) Plaintiffs justifiably relied on that information.  *Walker*

*v. Sunrise Pontiac-GMC Truck, Inc.*, 249 S.W.3d 301, 311 (Tenn. 2008) (citing *Williams v. Berube*

*& Assocs.*, 26 S.W.3d 640, 645 (Tenn. Ct. App. 2000)).  This Court found the non-diverse plaintiffs

alleged facts supporting all four elements [*Id.* (citing Doc. 1-1, pg. 57-59, 61-64, 82)].

While Defendant maintains the non-diverse plaintiffs had no consumer interactions with

Defendant, the Complaint pleads facts to the contrary.  Defendant urges the Court to consider the

declaration of its treasurer, John Willman, and a contract for purchase and sale attached as an

exhibit to determine whether the non-diverse plaintiffs in fact had any commercial dealings with

Defendant [Doc. 32, pg. 4].  However, the Court's ability to look beyond the pleadings when

considering a motion to remand is appropriate only in the limited circumstance in which "an

undisputed factual inaccuracy or insufficiency in the plaintiff's claim against the in-state defendant

5

is the basis of removal." *Walker v. Philip Morris USA, Inc.*, 443 F. App'x 946, 956 (6th Cir. 2011). Here, Plaintiffs allege facts that, on their face, could support a claim for negligent misrepresentation against Defendant under state law. *See id.* ("In rejecting Plaintiffs' evidence as insufficient to overcome the Kentucky Defendants' affidavits, the court went beyond the relevant inquiry—whether Plaintiffs have a colorable claim under Kentucky law—and instead inquired whether Plaintiffs had adequate evidentiary support for their claim, the traditional Rule 56 inquiry.").

## IV. Conclusion

This Court finds it lacks subject matter jurisdiction over this case. Therefore, Plaintiffs' Motion to Remand [Doc. 14] is **GRANTED**. This case is hereby **REMANDED** to the Chancery Court for the Fourth Judicial District for Sevier County, Tennessee. Accordingly, the Motion to Dismiss [Doc. 33], the Motion to Dismiss [Doc. 52], and the Motion to Sever and Transfer or, in the Alternative, for Separate Trials [Doc. 55] are **DENIED AS MOOT**. The Clerk is DIRECTED to close this case and to mail a certified copy of this order to the Clerk of the Chancery Court for the Fourth Judicial District for Sevier County, Tennessee.

SO ORDERED:

s/ Clifton L. Corker
United States District Judge

Case 3:18-cv-00512-DCLC-DCP   Document 75   Filed 03/20/20   Page 6 of 6   PageID #: 936